# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 2:15CR00018-011 |
| v. | ) **OPINION** |
| RALPH MARLOW, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Ralph Marlow, Defendant Pro Se.*

The defendant, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which the movant has responded. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

After pleading guilty, the defendant was sentenced by this court on January 5, 2017, to a total term of 123 months imprisonment, consisting of 63 months on Count One of the Second Superseding Indictment, to be followed by a term of 60 months on Count Sixteen. Count One charged the defendant with conspiring to distribute methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and Count Sixteen charged him with possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c).

In his § 2255 motion, the defendant contends that his attorney was constitutionally ineffective in three difference ways, as follows: (1) he did not correctly advise him of the elements of the § 924(c) charge contained in Count Sixteen; (2) he failed to challenge Count Sixteen as duplicitous; and (3) he failed to challenge Count Sixteen on the ground that it did not charge a valid offense.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by

counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong of *Stickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694.

As to his first ground of attack upon his attorney's representation, the defendant contends that his attorney advised him that he had no defense to the § 924(c) charge because he had been caught with drugs while in possession of firearms. The defendant contends that the lawyer thus confused the elements of 18 U.S.C. § 922(g) (procession of a firearm by a felon) with those of § 924(c). However, the transcript of the defendant's change of plea hearing on May 16, 2017, (held with a codefendant) reveals the following colloquy with the court:

> THE COURT: Let me go over with you, gentlemen, the charge or charges to which you wish to plead guilty.
>
> . . . .
>
> Now, count 16, as to Mr. Marlow, charges that on or about and between January 1, 2014 and November 24, 2015 that Mr. Marlow knowingly used and carried during and in relation to and possessed in furtherance of a drug trafficking crime, namely the crime set forth in count one, a firearm.
>
> If the case went to trial as to that charge, in order to convict you, Mr. Marlow, that count of, that count 16, the Government would have to prove beyond a reasonable doubt that you used or carried a firearm in relation to the drug trafficking crime as set forth in count one. It means that you actively employed the firearm in committing that offense.

As an alternative, the Government would be required to prove beyond a reasonable doubt that you knowingly possessed the firearm, meaning that you knew that you had a firearm, and that that possession furthered a drug trafficking crime. That means that the firearm helped further advance the drug trafficking crime. Mere possession of a firearm is not sufficient under this count.

Now, let me ask you both, do you understand what the Government would have to prove in order to convict you if this case went to trial?

. . . .

DEFENDANT MARLOW: Yes.

THE COURT: Are you pleading guilty because you are, in fact, guilty?

. . . .

DEFENDANT MARLOW: Yes, sir.

Tr. 14-16, ECF No. 726.

Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks omitted). It is clear that the defendant was properly advised of the elements of a § 924(c) crime, and thus, even accepting for the present purposes his claim as to what his attorney told him, he cannot show that he was prejudiced by his attorney's advice.

Count Sixteen of the Second Superseding Indictment charged as follows:

> The Grand Jury charges that:
>
> 1. On or about and between January 1, 2014, and November 24, 2015, in the Western District of Virginia and elsewhere, RALPH MARLOW knowingly used and carried during and in relation to, and possessed in furtherance of, a drug trafficking crime for which he may be prosecuted in a court of the United States (conspiracy to distribute and possess with the intent to distribute a substance containing methamphetamine, as set forth in Count One), a firearm.
>
> 2. All in violation of Title 18, United States Code, Section 924(c).

Second Superseding Indictment 7, ECF No. 206. The count is not duplicitous, but merely charges different ways of committing the same crime, in accord with the statute. It is not a non-existing crime, as alleged by the defendant. Accordingly, his attorney did not err in failing to advise him otherwise and his second and third grounds are without merit.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED: November 7, 2018

/s/ James P. Jones
United States District Judge