# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 2:15CR00018-011 |
| v. | ) OPINION |
| | ) |
| RALPH MARLOW, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Ralph Marlow, Defendant Pro Se.*

Defendant Ralph Marlow, proceeding pro se, filed a motion seeking relief under 28 U.S.C. § 2255. The United States moved to dismiss the § 2255, and I granted the government's motion to dismiss. *United States v. Marlow*, No. 2:15CR00018-011, 2018 WL 5818358 (W.D. Va. Nov. 7, 2018). Marlow appealed, and the court of appeals found that I had "failed to address whether counsel failed to investigate potential defenses and provided erroneous advice regarding Marlow's sentencing exposure." *United States v. Marlow*, 771 F. App'x 340, 341 (4th Cir. 2019) (per curiam) (unpublished). The court of appeals dismissed Marlow's appeal as interlocutory because I had not adjudicated all the issues, and it remanded the case to me for further consideration.

In the interest of brevity, I will not restate the procedural history, facts, and statements of law that I included in my earlier opinion; they are incorporated here

by reference. In his first ground for relief, Marlow argued that his guilty plea was not knowing and voluntary because his counsel had provided him with ineffective assistance. He contended that his counsel failed to investigate a viable defense before advising Marlow to plead guilty to violating 18 U.S.C. § 924(c). According to Marlow, the firearms that were found in his home had been placed there several days before by a woman whom his counsel neglected to interview. Had counsel interviewed the woman, she would have corroborated Marlow's account that the guns had been devised to him in a will, had not been present in the home for more than a few days, and had been placed in a closet at Marlow's direction when Marlow was not home. Marlow argues that he had not possessed or used the firearms in connection with any drug trafficking offense and that they were present in the home merely by coincidence. Marlow states that his counsel erroneously advised him that he could be convicted of the § 924(c) offense simply because he was a felon who possessed drugs and guns at the same time.

During his guilty plea hearing, I explained the elements of the § 924(c) charge to Marlow as follows:

> Now, count 16, as to Mr. Marlow, charges that on or about and between January 1, 2014 and November 24, 2015 that Mr. Marlow knowingly used and carried during and in relation to and possessed in furtherance of a drug trafficking crime, namely the crime set forth in count one, a firearm.
>
> If the case went to trial as to that charge, in order to convict you, Mr. Marlow, that count of, that count 16, the Government would

> have to prove beyond a reasonable doubt that you used or carried a firearm in relation to the drug trafficking crime as set forth in count one. It means that you actively employed the firearm in committing that offense.
>
> As an alternative, the Government would be required to prove beyond a reasonable doubt that you knowingly possessed the firearm, meaning that you knew that you had a firearm, and that that possession furthered a drug trafficking crime. **That means that the firearm helped further advance the drug trafficking crime. Mere possession of a firearm is not sufficient under this count.**

Guilty Plea Hr'g Tr. 15-16, ECF No. 726 (emphasis added). I then asked Marlow, "do you understand what the Government would have to prove in order to convict you if this case went to trial?" *Id.* at 16. Marlow responded, "Yes." *Id.* I followed up by asking, "Are you pleading guilty because you are, in fact, guilty?" to which Marlow replied, "Yes, sir." *Id.*

I then asked the Assistant United States Attorney to summarize the facts the government would be prepared to prove if the case went to trial. Regarding the § 924(c) charge, the prosecutor stated:

> The Government would also present evidence that on November 24, 2015 a search warrant was executed at Mr. Marlow's residence in the Eastern District of Tennessee, and that ATF agents located three firearms, approximately $6,000 in United States currency, and seven grams of methamphetamine.
>
> The Government would further present evidence that the money that was seized and the drugs or methamphetamine were found in a safe in the defendant's bedroom, and also located in that bedroom was one of the loaded firearms.

*Id.* at 17. I asked Marlow whether he contested or disputed any of the facts presented, and he responded, "No, sir." *Id.* at 18. I asked him whether he had any questions for me or whether he needed to talk further with his attorney, and he answered in the negative. He then pled guilty to Count 16, the § 924(c) charge.

Marlow's guilty plea colloquy clearly undermines his argument that his plea was not knowing and voluntary. Regardless of what his attorney may have told him, I explained the elements of the offense and what the government would be required to prove, and he confirmed his understanding. He also stated he did not dispute the government's recitation of the facts, including that a loaded weapon was found in the same bedroom where methamphetamine and cash were located. These statements at the plea hearing contradict statements Marlow now makes in his § 2255 motion, affidavit, and response to the government's Motion to Dismiss. Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005).

I conclude that Marlow's guilty plea to the § 2255 charge was knowing and voluntary. Any failure of his counsel to interview the witness who placed the firearms in Marlow's home would not change this result and did not prejudice Marlow. Marlow acknowledged that by pleading guilty, he was giving up the right

to have witnesses cross-examined in his defense and to compel the attendance of witnesses to testify on his behalf. *Id.* at 14.

Marlow also contends that his attorney was ineffective in failing to correctly advise him of his sentencing exposure on the § 924(c) charge. This argument, too, is belied by his plea colloquy. At the hearing, I advised Marlow,

> The maximum statutory penalty that you face is a fine of $250,000 and/or imprisonment for a term of up to life, plus a term of supervised release of five years. In addition, there's a mandatory minimum sentence of imprisonment for a term of five years. And you understand that each sentence imposed for a violation of this statute, which is title 18 United States Code Section 924(c), must be served consecutively to any other sentence imposed.

*Id.* at 7; *see also id.* at 12. Later, I asked him, "Has anyone made any promise to you other than those made in the plea agreement that caused you to want to plead guilty?" to which he responded, "No, sir." *Id.* at 10. I asked, "Do you understand the possible consequences of your plea?" and he responded, "Yes, sir." *Id.* at 12. I explained that his guidelines range would not be determined until later, after the preparation of a presentence report, and he stated he understood. I asked, "Do you understand that the court has the authority to impose a sentence that is more severe or less severe than the sentencing range called for by these guidelines?" and he responded, "Yes, sir." *Id.* at 13. I asked, "Do you understand that your sentence may be different from any estimate your lawyer may have given you?" and he answered, "Yes, sir." *Id.*

Marlow cannot now claim that he pled guilty because he received inaccurate advice about his sentencing exposure. He knew that his sentence on the § 924(c) charge could range from a minimum of five years to a maximum of life, that his guidelines range would not be determined until a later date, that the length of his sentence of imprisonment would be up to me, and that the sentence I gave him could vary from any prediction made by his counsel. I personally advised Marlow of his sentencing exposure before he entered his plea of guilty. He cannot establish the prejudice required by *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

For these reasons, along with the reasons stated in my earlier opinion dismissing the § 2255 motion, I will grant the government's motion to dismiss. Marlow's § 2255 motion will be dismissed and a separate final order will be entered herewith.

DATED: October 3, 2019

/s/ *James P. Jones*
United States District Judge