# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 2:15CR00018-011 |
| v. | ) | **OPINION** |
| RALPH MARLOW, | ) | JUDGE JAMES P. JONES |
| Defendant. | ) | |

*Jason M. Scheff, Assistant United States Attorney, Roanoke, Virginia, for United States; Erin Trodden, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The court considers whether to reduce the defendant's sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (USSG). For the following reasons, the defendant's sentence will be reduced.

Ralph Marlow was sentenced on January 5, 2017, to a total term of imprisonment of 123 months following his conviction for conspiracy to possess with intent to distribute methamphetamine (Count 1s), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and possession of a firearm during a drug trafficking crime (Count 16s), in violation of 18 U.S.C. § 924(c).

The parties agree that under Amendment 821 the defendant is eligible for a reduction of his sentence from 123 months to 117 months, consisting of 57 months as to Count 1s and 60 months on Count 16s, to run consecutively. However, the

government objects to any reduction based on the serious nature of the defendant's crimes, his repetitive criminal history, and his behavior in prison. The government points out that the court previously denied the defendant's request for compassionate release, based on the nature of his crimes and the need for adequate punishment and deterrence. Order, ECF No. 857 (Dec. 8, 2020).

In turn, the defendant argues that his prior criminal history was not as serious as it appears and that he has a minor record of prior criminal history, is 66 years old, and is in poor health. He is also in the process of completing his GED and has participated in drug treatment and life skills programs designed to teach employment skills, coping skills, financial literacy, and health maintenance.

Even where a defendant is eligible for a reduced sentence under the Amendment, the court must still consider the applicable 18 U.S.C. § 3553(a) factors. The Guidelines further direct that "[t]he court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." USSG § 1B1.10 cmt. 1(B)(iii).

Although I previously found that a lengthy sentence for the defendant was necessary for deterrence given the nature of his crimes, the defendant has served additional years in prison since that decision. Moreover, deciding to release the defendant, as earlier requested, is obviously different from merely reducing his sentence by a few months. The additional years that the defendant has served in

prison in the time since I denied his motion for compassionate release have served the goal of deterrence, both for the defendant and for others considering similar crimes.

Moreover, the defendant has the same health issues that the court previously identified. His age and health both indicate that the defendant is at a low risk for recidivism. This indication is further supported by the fact that the defendant has participated in many rehabilitation programs, supporting the conclusion that his release comports with the need for public safety.

Considering the foregoing, I find that the defendant is entitled to relief. A separate Order will be entered reducing his sentence to 117 months.

DATED: January 23, 2024

/s/ JAMES P. JONES
Senior United States District Judge