CLERK'S OFFICE U.S. DISTRICT. COURT
AT ABINGDON, VA
FILED

August 06, 2024

LAURA A. AUSTIN, CLERK

BY: /s/ Kendra Campbell
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. 2:15CR00018-011 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **RALPH MARLOW,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Ralph Marlow, Pro Se.*

The defendant, a federal inmate, has filed a pro se motion requesting that certain unused time credits against his incarceration be applied to reduce the term of his upcoming supervised release.  Marlow was sentenced by this court on January 5, 2017, after pleading guilty to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (Count One) and possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Two).  He was sentenced to a total of 123 months' incarceration consisting of 63 months on Count One and 60 months on Count Two, together with three years of supervised release to follow.  Marlow is confined at a federal prison in West Virginia and is scheduled to be released from incarceration on October 8, 2024.  For the following reasons, his motion will be denied.

I.

The First Step Act of 2018 provided for eligible incarcerated individuals the opportunity to receive "earned time credits" by participating in recidivism reduction programs or other productive activities. 18 U.S.C. § 3632(d)(4)(A). The statute states that such "[t]ime credits earned . . . shall be applied toward time in prerelease custody or supervised release." § 3632(d)(4)(C). In addition, incarcerated individuals who are serving a term of imprisonment of more than one year, other than a life sentence, may receive good time credit for exemplary compliance with institutional disciplinary regulations. 18 U.S.C. § 3624(b).

Construing Marlow's motion liberally, he contends that he should receive "First Step Act credits" and that they should be used to lessen the term of his upcoming supervised release. Mot. 1, ECF No. 919.[1]

II.

Even assuming that this court had the jursidiction to order the Bureau of Prisons (BOP) to grant additional time credits, neither type of credit can be applied to shorten Marlow's term of supervised release as he requests. First, it is clear from the statute that earned time credits are not to be applied to reduce a term of supervised release. Section 3632(d)(4)(C) instructs the BOP to "transfer eligible

---

[1]   Marlow concedes that he cannot receive credit relating to the sentence imposed for Count Two, since the statute excludes inmates serving a sentence for that crime. 18 U.S.C. § 3632(d)(4)(D)(xxii). Administratively, the BOP combines terms relating to separate offenses of conviction, so that may exclude Marlow altogether.

prisoners . . . into prerelease custody or supervised release" and cites 18 U.S.C. § 3624(g), which defines eligible prisoners as ones who have "earned time credits under the risk and needs assessment system . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment."   Section 3624(g) further specifies that for individuals whose sentence included a term of supervised release, the earned time credits may be applied to begin their period of supervised release at an earlier date.  § 3624(g)(3).  These provisions clearly contemplate that the earned time credits are to be applied to reduce an incarcerated person's term of imprisonment, rather than reduce any term of supervised release as sentenced by the court.

Other courts follow this interpretation.  *Orasco v. Yates*, No. 2:22-CV-00156-BSM-ERE, 2022 WL 18027627, at *3 n.4 (E.D. Ark. Dec. 12, 2022) ("[W]hile the [earned time credit] program permits early transfer to supervised release, it does *not* grant the BOP authority to reduce or shorten a prisoner's term of supervised release."); *Komando v. Luna*, No. 22-CV-425-SE, 2023 WL 310580 at *4  (D.N.H. Jan. 13, 2023) ("FSA time credits, when applied, advance the date when the prisoner will be placed in 'prerelease custody' . . . or accelerate the date when the prisoner will leave BOP custody to start a term of court-imposed supervised release.") (citation omitted); *Harrison v. Fed. Bureau of Prisons*, No. 22-14312-Scola, 2022 WL 17093441, at *1 (S.D. Fla. Nov. 21, 2022) ("Based on

the plain text of the statute, FSA credits cannot be used to shorten a term of supervised release. Rather, the credits can only be used to allow early transfer to supervised release.").

Moreover, "[g]ood time credits affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself." *Scott v. Schuykill FCI*, 298 F. App'x 202, 204 (3d Cir. 2008) (unpublished).

III.

Accordingly, it is **ORDERED** that the defendant's motion, ECF No. 919, is DENIED.

ENTER:   August 6, 2024

/s/  JAMES P. JONES
Senior United States District Judge